OPINION
{¶ 1} On May 14, 2004, the Delaware County Grand Jury indicted appellant, Lawrence Paul, on one count of theft in violation of R.C.2913.02, one count of breaking and entering in violation of R.C. 2911.13
and one count of receiving stolen property in violation of R.C. 2913.51.
 {¶ 2} On June 17, 2004, appellant pled guilty to the theft and breaking and entering counts, both felonies of the fifth degree. The remaining count was dismissed. By judgment entry filed October 29, 2004, the trial court sentenced appellant to ten months on each count, to be served consecutively.
 {¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 4} "THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN SENTENCING MR. PAUL TO A PRISON TERM FOR TWO FIFTH DEGREE FELONIES."
 II {¶ 5} "THE TRIAL COURT ERRED BY SENTENCING THE APPELLANT TO CONSECUTIVE SENTENCES."
 III {¶ 6} "THE TRIAL COURT ERRED BY SENTENCING MR. PAUL TO A PRISON TERM BASED ON FACTS NOT FOUND BY THE JURY OR ADMITTED BY MR. PAUL."
 {¶ 7} R.C. 2953.08 governs an appeal of sentence for felony. Subsection (G)(2) states as follows:
 {¶ 8} "The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
 {¶ 9} "(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (E)(4) of section 2929.14, or division (H) of section 2929.20 of the Revised Code, whichever, if any, is relevant;
 {¶ 10} "(b) That the sentence is otherwise contrary to law."
 {¶ 11} Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cross v. Ledford (1954),161 Ohio St. 469, 120 N.E.2d 118, paragraph three of the syllabus.
 {¶ 12} It is with this standard that we now review the assignments of error.
 I {¶ 13} Appellant claims the trial court erred in imposing prison terms on the two fifth degree felonies. We disagree.
 {¶ 14} R.C. 2929.13 governs sentencing guidelines for various specific offenses and degrees of offenses. Subsection (B)(1) states the following:
 {¶ 15} "(B)(1) Except as provided in division (B)(2), (E), (F), or (G) of this section, in sentencing an offender for a felony of the fourth or fifth degree, the sentencing court shall determine whether any of the following apply:
 {¶ 16} "(a) In committing the offense, the offender caused physical harm to a person.
 {¶ 17} "(b) In committing the offense, the offender attempted to cause or made an actual threat of physical harm to a person with a deadly weapon.
 {¶ 18} "(c) In committing the offense, the offender attempted to cause or made an actual threat of physical harm to a person, and the offender previously was convicted of an offense that caused physical harm to a person.
 {¶ 19} "(d) The offender held a public office or position of trust and the offense related to that office or position; the offender's position obliged the offender to prevent the offense or to bring those committing it to justice; or the offender's professional reputation or position facilitated the offense or was likely to influence the future conduct of others.
 {¶ 20} "(e) The offender committed the offense for hire or as part of an organized criminal activity.
 {¶ 21} "(f) The offense is a sex offense that is a fourth or fifth degree felony violation of section 2907.03, 2907.04, 2907.05, 2907.22,2907.31, 2907.321, 2907.322, 2907.323, or 2907.34 of the Revised Code.
 {¶ 22} "(g) The offender at the time of the offense was serving, or the offender previously had served, a prison term.
 {¶ 23} "(h) The offender committed the offense while under a community control sanction, while on probation, or while released from custody on a bond or personal recognizance.
 {¶ 24} "(i) The offender committed the offense while in possession of a firearm."
 {¶ 25} R.C. 2929.11 governs overriding purposes of felony sentencing and states the following in pertinent part:
 {¶ 26} "(A) A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing. The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.
 {¶ 27} "(B) A sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders."
 {¶ 28} R.C. 2929.12 governs factors to consider in felony sentencing and states the following:
 {¶ 29} "(A) Unless otherwise required by section 2929.13 or 2929.14 of the Revised Code, a court that imposes a sentence under this chapter upon an offender for a felony has discretion to determine the most effective way to comply with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code. In exercising that discretion, the court shall consider the factors set forth in divisions (B) and (C) of this section relating to the seriousness of the conduct and the factors provided in divisions (D) and (E) of this section relating to the likelihood of the offender's recidivism and, in addition, may consider any other factors that are relevant to achieving those purposes and principles of sentencing."
 {¶ 30} Subsections (B), (C), (D) and (E) list numerous factors to be considered.
 {¶ 31} In sentencing appellant to prison on fifth degree felonies, the trial court entered into a lengthy dialogue with appellant regarding his prior offenses and prison time. T. at 11-15. The trial court noted appellant's criminal past, listing "five felonies, three prison sentences that he served, in the state of Ohio and Georgia combined; by statute 2929.13(B) because there is a previous prison term in this case, there are three." T. at 16.
 {¶ 32} Appellant pleaded with the court to give him another chance as he was really done with getting in trouble and "tired of doing time." T. at 10, 15. The trial court noted appellant took all evening to break into the store and asked at "[n]o time during this time did you ever say my God, this is wrong, I'm going to quit, did you?" T. at 15-16. Appellant responded in the negative. T. at 16.
 {¶ 33} In sentencing appellant to prison instead of community control, the trial court stated "in weighing the seriousness and recidivism factors, I can find no factors that tells this court that I should give you community control," noting "[y]ou didn't try. You didn't quit." T. at 16.
 {¶ 34} Upon review, we find the trial court met the requirements set forth in the statutes. The trial court did not err in sentencing appellant to prison terms on the fifth degree felonies.
 {¶ 35} Assignment of Error I is denied.
 II {¶ 36} Appellant claims the trial court erred in ordering consecutive sentences. We disagree.
 {¶ 37} R.C. 2929.14(E)(4) governs multiple sentences and states as follows:
 {¶ 38} "(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 {¶ 39} "(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 {¶ 40} "(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
 {¶ 41} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
 {¶ 42} R.C. 2929.19 governs sentencing hearing. Subsection (B)(2)(c) states the following:
 {¶ 43} "(2) The court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances:
 {¶ 44} "(c) If it imposes consecutive sentences under section 2929.14
of the Revised Code, its reasons for imposing the consecutive sentences."
 {¶ 45} In State v. Comer, 99 Ohio St.3d 463, 2003-Ohio-4165, paragraph one of the syllabus, the Supreme Court of Ohio held, "Pursuant to R.C.2929.14(E)(4) and 2929.19(B)(2)(c), when imposing consecutive sentences, a trial court is required to make its statutorily enumerated findings and give reasons supporting those findings at the sentencing hearing."
 {¶ 46} In sentencing appellant to consecutive sentences, the trial court stated the following:
 {¶ 47} "There's also a finding of this court that based upon your record, the prison sentence that you already served that there seems no way to influence you or get you to change your behavior, that consecutive sentences are necessary and would not be disproportionate and demean in any way and are necessary to protect the public from — they are not disproportionate to the seriousness of the offenses. This is an offense that you went out of your way to commit.
 {¶ 48} "It is the further findings of this court that consecutive sentences are necessary to protect the public from future crime and further misconduct." T. at 17.
 {¶ 49} Upon review, we find the trial court met the requirements set forth in the statutes and the Comer decision. The trial court did not err in sentencing appellant to consecutive sentences.
 {¶ 50} Assignment of Error II is denied.
 III {¶ 51} Appellant claims the trial court erred in sentencing him to prison terms in light of the decisions of the United States Supreme Court in Apprendi v. New Jersey (2000), 530 U.S. 466, and Blakely v.Washington (2004), 542 U.S. 296. We disagree.
 {¶ 52} Appellant argues these cases mandate that the factors set forth in R.C. 2929.13, which affect the imposition of imprisonment versus community control sanctions, are to be determined by a jury.
 {¶ 53} In State v. Iddings (November 8, 2004), Delaware App. No. 2004CAA06043, ¶ 12, this court examined the Apprendi and Blakely
decisions and found they "do not obviate entirely judicial discretion in sentencing a criminal defendant. Rather, the trial courts maintain discretion to select a sentence within the range prescribed by the legislature." This court further held at ¶ 20-21:
 {¶ 54} "None of the factors set forth in either 2929.13(B) or 2929.14(B) subject an offender to a prison term in excess of what the law provides as the maximum sentence for a felony of the fourth or fifth degree. The Legislature has simply codified factors that sentences courts have always considered when deciding to sentence a defendant within the range permitted by statute. The fact that the legislature has chosen certain of the traditional sentencing factors and dictated the precise weight to be given those factors does not evade the requirements of the Fifth and Sixth Amendments. Harris v. United States, supra,536 U.S. at 568, 122 S.Ct. at 2420. (Citing McMillan v. Pennsylvania
(1986), 477 U.S. 79, 106 S.Ct. 2411).
 {¶ 55} "Accordingly, a jury is not required to find the factors set forth in R.C. 2929.13(B)(2) or R.C. 2929.14(B) before a judge may impose a prison sentence for the conviction of a fourth or fifth degree felony."
 {¶ 56} Based upon this well reasoned opinion by Judge W. Scott Gwin, we find the trial court did not err in sentencing appellant in light ofApprendi and Blakely.
 {¶ 57} Assignment of Error III is denied.
 {¶ 58} The judgment of the Court of Common Pleas of Delaware County, Ohio is hereby affirmed.
Farmer, J. and Gwin, P.J. concur.
Hoffman, J. concurs in part and dissents in part.